RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE _1_/_15_/_13_
           908

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION


COREY W. OLIPHANT,                    CIVIL ACTION
          Petitioner                  1:12-cv-00899

VERSUS

WARDEN, LOUISIANA STATE               JUDGE DEE D. DRELL
PENITENTIARY,                         MAGISTRATE JUDGE JAMES D. KIRK
          Respondent


REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by pro se plaintiff Corey W. Oliphant ("Oliphant") on April 16, 2012 (Docs. 1, 5). Oliphant is contesting his 2007 conviction by a jury in the Tenth Judicial District Court, Natchitoches Parish, Louisiana, on one count of armed robbery, for which he received a forty year sentence. State v. Oliphant, 2008 WL 1886585, 2007-1210 (La. App. 3 Cir. 4/30/08), 2008 WL 1886585, 20080-KH-1324 (La. 5/22/09), 9 So.3d 133. Oliphant is presently confined in the Louisiana State Penitentiary in Angola, Louisiana.

Oliphant raises the following grounds for habeas relief:

1. The evidence was insufficient to sustain the conviction of armed robbery in violation of the Fourteenth Amendment.

2. Prosecutorial misconduct during closing argument, in violation of the Fifth and Fourteenth Amendments.

3. Allowing presentation of DNA analysis and reports without the analyst testifying, in violation of the confrontation clause of the Sixth Amendment.

4. Oliphant's Fifth, Sixth, and Fourteenth Amendments were violated when defense counsel refused to allow the defendant to testify.

5. Oliphant's Fourteenth Amendment rights were violated when the court reporter failed to record bench conferences after objections were made in open court.

6. Oliphant's Fourth, Fifth, and Fourteenth Amendment rights were violated when the police obtained evidence (Oliphant's sock) without probable cause and failed to preserve the evidence for presentation at trial.

7. Oliphant was denied the effective assistance of counsel in violation of the Sixth Amendment when (1) defense counsel failed to file a motion to suppress the sock and failed to file a motion for severance, (2) defense counsel failed to request a subpoena for the laboratory analyst to testify and verify the contents and validity of the DNA evidence reports, and (3) defense counsel failed to familiarize himself with and investigate the facts of the case, failed to meet with his client, and failed to argue crucial points brought up during trial.

8. Oliphant was denied the effective assistance of appellate counsel in violation of the Sixth Amendment when Oliphant's appellate counsel, whom his father had retained and paid, was suspended from practice. Oliphant was not appointed another attorney, and his family could not hire another because the first attorney failed to return the $10,000 paid to him.

The Respondent answered the complaint (Docs. 12, 14) and Oliphant filed a brief in response (Doc. 15). Oliphant's habeas petition is now before the court for disposition.

Due to the recommendation on Ground Number 8, the other grounds for relief are not discussed due to lack of exhaustion of state court remedies.

## Rule 8(a) Resolution

This court is able to resolve the merits of this <u>habeas corpus</u> petition without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the petitioner's claims, and the State court records provide the required and adequate factual basis necessary to the resolution of the habeas corpus petition. <u>Moya v. Estelle</u>, 696 F.2d 329, 332-33 (5th Cir. 1983); <u>Easter v. Estelle</u>, 609 F.2d 756, 761 (5th Cir. 1980); Habeas Corpus Rule 8(a).

## Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall be considered only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2254 and AEDPA, which is applicable to habeas petitions filed after its effective date on April 24, 1996, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an *unreasonable determination* of the

3

facts in light of the evidence presented in the State Court proceeding. Therefore, pure questions of law and mixed questions of law and fact are reviewed under Section 2254 (d)(1), and questions of fact are reviewed under Section 2254(d)(2). Martin v. Cain, 246 F.3d 471, 475-76 (5th Cir. 2001), cert. den., 534 U.S. 885, 122 S.Ct. 194 (2001), and cases cited therein.

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts. Martin, 246 F.3d at 476, and cases cited therein.

A federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable. A federal court cannot grant habeas relief simply by concluding that the state court decision applied clearly established federal law erroneously; the court must conclude that such application was also unreasonable. Martin, 246 F.3d at 476, and cases cited therein.

When a state court determines that a constitutional violation is harmless, a federal court may not award habeas relief under

4

Section 2254 unless the harmlessness determination itself was unreasonable. Mitchell v. Esparza, 540 U.S. 12, 124 S.Ct. 7 (2003). Moreover, in Section 2254 proceedings, a federal court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the "substantial and injurious effect" standard set forth in Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710 (1993), whether or not the state appellate court recognized the error and reviewed it for harmlessness. Fry v. Pliler, 551 U.S. 112, 121, 127 S.Ct. 2321, 2328 (2007). The Court should treat the error as if it affected the verdict, and the State bears the burden of persuasion as to the harmlessness of the error. Fry, 2007 WL 1661463 at *6.

Facts

The facts of the case, as set forth by the Louisiana Third Circuit Court of Appeal are as follows:

> "On April 23, 2005, one of the Defendants, armed with a pistol, entered Tobacco Warehouse in Natchitoches, Louisiana, and robbed the store of approximately seven hundred dollars. After leaving the store, he got into a car with the other Defendant, and the two men drove away."

Law and Analysis

Ground 8 - Appellate Counsel

Oliphant contends he was denied the assistance of appellate counsel in violation of the Sixth Amendment when Oliphant's appellate counsel, whom his father had retained and paid, was suspended from practice. Corey Oliphant's family could not afford

5

to hire another because the first attorney failed to return the $10,000 paid to him, and Oliphant was not provided court-appointed counsel on appeal.  The Respondent did not address this issue.

In Douglas v. California, 372 U.S. 353, 357, 83 S.Ct. 814, 816 (1963), the Supreme Court held that, in criminal proceedings, a State must provide counsel for an indigent defendant in a first appeal as of right.  See also Halbert v. Michigan, 545 U.S. 605, 125 S.Ct. 2582, 2583 (2005).

Corey Oliphant contends his father hired an attorney to represent him, but that attorney was suspended from practice before he could file a brief on appeal (Vo. 5, Tr. pp. 3-4) and, according to Corey, he did not refund the money paid to him by Corey's father.  Corey contends he could not afford to hire counsel on appeal and his father could no longer afford to do so, either.  It is noted that Corey had court-appointed counsel at trial, but he withdrew after Corey informed him he had retained counsel for appeal (Vol. 4, Tr. pp. 19-20).  Corey contends and the record reflects that Corey filed a pro se appellate brief (and so did his brother, Nicholas) (Vol. 5, Tr. p. 9).

The Court of Appeal's notice to Corey and Nicholas informed them only that their attorney had been suspended from practice and that they had ten days to retain new counsel; it failed to inform them of their right to court-appointed counsel on appeal if they were financially unable to hire an attorney and the procedures for

obtaining one (Vol. 4, Tr. pp. 19-20). Corey Oliphant, as well as his brother and co-defendant, Nicholas Oliphant, were left without the assistance of counsel on direct appeal and were forced to proceed pro se (Vol. 5, Tr. p. 9). Although Corey contends they were able to file *pro se* the "skeleton" briefs that had already been drawn up by their former appellate attorney, they did not have the benefit of the assistance of counsel during the appeal process, they did not have representation for oral argument (if such was requested and granted), and they did not have a brief to file in response to the State's brief. The appeals court apparently did not notice that Oliphant did not have an attorney.

Clearly, Corey Oliphant was denied the assistance of counsel on appeal when he was not afforded an opportunity to obtain court-appointed counsel on appeal. The actual or constructive denial of appellate counsel altogether is legally presumed to result in prejudice. Penson v. Ohio, 488 U.S. 75, 88-89, 109 S.Ct. 346, 354 (1988), and cases cited therein. Where a defendant is denied the assistance of counsel on appeal, it is inappropriate to apply either the prejudice requirement of Strickland v. Washington or the harmless-error analysis of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824 (1967). Penson, 488 U.S. at 88-89, 109 S.Ct. at 354. Also, Hughes v. Booker, 220 F.3d 246, 353 (5th Cir. 2000); Harris v. Day, 226 F.3d 361 (5th Cir. 2000); State v. Benjamin, 89-KA-2001 (La. App. 4th Cir. 1990) 573 So.2d 528, 530-53.

7

It is noted there is nothing in this case that indicates Corey Oliphant waived his right to counsel. There is no evidence that Corey asked to proceed pro se on appeal, and there is no record of a hearing in which Corey was cautioned about the dangers of proceeding pro se or that a court determined that Corey clearly, unequivocally, knowingly, and intelligently decided to forego counsel. See U.S. v. Martin, 790 F.2d 1215, 1218 (5th Cir.), cert. den., 479 U.S. 868, 107 S.Ct. 231 (1986), citing Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525 (1975), and Brown v. Wainwright, 665 F.2d 607, 610 (5th Cir. 1982).

Since Corey Oliphant was actually denied the assistance of counsel on direct appeal, he is entitled to reinstatement of his right to direct appeal so that he may proceed with the assistance of court-appointed counsel.  Compare Hughes, 220 F.3d at 348.

Grounds 1-7

The court should decline to review the remainder of Oliphant's claims.  With reinstatement of Oliphant's right to direct appeal, he will have another opportunity to present his claims and exhaust his state court remedies on direct appeal, this time with the assistance of counsel.  On direct appeal, Oliphant's attorney will not necessarily present the same claims, or present the claims in the same manner, as they are presented in this habeas petition.  In his reinstated direct appeal, Oliphant's attorney will be able to refine Oliphant's claims and submit them for a more precise and

thorough review by the State courts.  After Oliphant's claims have been examined by the State courts in his reinstated appeal and any post-conviction relief application that follows, he can present this court with a new habeas petition, if necessary, and his habeas claims will not have been previously reviewed by a federal court. The federal court can then review his new habeas claims in light of the reasoning employed by the State courts when Oliphant has the assistance of counsel.  Therefore, this court should decline to review the remainder of the claims presented in Oliphant's habeas petition since there have, essentially, been rendered moot for purposes of this habeas petition.

This court should also decline to review the remainder of Oliphant's habeas claims in the interests of comity.  The exhaustion of state remedies doctrine, codified in the federal habeas statute, 28 U.S.C. §2254, reflects a policy of federal-state comity.  Stewart v. Martinez-Villareal, 523 U.S. 637, 118 S.Ct. 1618, 1621-22 (1998), citing Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971).  A federal habeas corpus petitioner must have provided all state courts that could review the matter with a fair opportunity to review the substance of all of his federal habeas claims before a federal court will review the claims. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2554 (1991); Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 277 (1982); Picard, 404 U.S. at 275-276, 92 S.Ct. at 512.; Mercadel v. Cain,

9

179 F.3d 271, 275 (5ᵗʰ Cir. 1999).  Therefore, this court should recognize the reinstatement of Oliphant's right to direct appeal as a reinstatement of his opportunity to exhaust his state court remedies, and decline to rule on the remainder of Oliphant's habeas claims at this time in the interests of federal-state comity.

Finally, a review of the reminder of Oliphant's claims at this time could, potentially, result in an issue regarding a second or successive habeas petition issue later on pursuant to 28 U.S.C. § 2244(b), if Oliphant files a federal habeas petition following reinstatement of his right to direct appeal and the subsequent exhaustion of his state court remedies.

Accordingly, this court should decline to review the remainder of Oliphant's claims in this petition in the interests of comity, and because those claims have been rendered moot for purposes of this habeas petition.

### Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the court find, On Ground Number 8, that Corey Oliphant was denied his Sixth Amendment right to counsel on direct appeal, and that Corey Oliphant be *GRANTED A CONDITIONAL WRIT OF HABEAS CORPUS, ORDERING HIS DISCHARGE FROM CUSTODY unless,* within **60 days** from the date of the order, the State of Louisiana reinstates Corey Oliphant's right to directly appeal his conviction with the assistance of counsel and affords him the opportunity to obtain court-appointed counsel

10

for his appeal.

IT IS FURTHER RECOMMENDED that the remainder of Oliphant's habeas claims be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be

11

taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Alexandria, Louisiana on the ____ day of January 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE